IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES A HAMPTON,

     Petitioner,

v.                                                                 No. 1:26-cv-01105-JDB-jay

STATE OF TENNESSEE,

     Respondent.

ORDER DENYING MOTION FOR RECONSIDERATION

On May 18, 2026, Petitioner, James A. Hampton, Tennessee Department of Correction prisoner number 99646, who is currently incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Docket Entry ("D.E.") 2 (the "§ 2254 Petition").)

Hampton failed to pay the $5.00 habeas filing fee required under 28 U.S.C. 1914(a) or submit a properly completed in forma pauperis affidavit.  On May 19, 2026, the Clerk issued a pro se filing deficiency notice directing Petitioner to pay the $5.00 habeas filing fee or submit an application to proceed in forma pauperis ("IFP").  (D.E. 6 at PageID 13.)  The Clerk indicated that Hampton "shall have 30 days from the date of this notice to either pay the civil filing fee or file a completed IFP application."  (*Id.*)  The Clerk warned Petitioner that failure to comply would result in the dismissal of his § 2254 Petition.  (*Id.*)

Hampton failed to comply with the Clerk's deficiency notice within the time provided to do so.  Accordingly, on July 2, 2026, the Court dismissed the § 2254 Petition without prejudice for failure to prosecute, denied a certificate of appealability, and denied leave to proceed in forma

pauperis on appeal.  (D.E. 7.)  The Court entered judgment on July 6, 2026.  (D.E. 8.)

On July 17, 2026, the Court received from Petitioner a "Motion to Reinstate Case for Extreme Circumstances Beyond Petitioner's Control."  (D.E. 9.)  The Court construes the motion as seeking relief under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days of the entry of the Court's July 2, 2026, order dismissing the § 2254 Petition and the July 6, 2026, judgment.  *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (stating that a post-judgment motion "filed within 28 days can be construed as a motion to alter or amend the judgment under Rule 59(e)").

The grant of relief under Rule 59(e) requires a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks and citation omitted).  Relief under Rule 59(e) is an extraordinary remedy that should be granted sparingly because of the interests of finality and conservation of judicial resources.  *Cole v. Lester*, No. 3:12-cv-00704, 2015 WL 1650275, at *1 (M.D. Tenn. Apr. 14, 2015) (citation omitted).

Hampton's motion does not address any of the *Betts* requirements explicitly, but he implicitly relies on the fourth ground—a need to prevent manifest injustice.  (*See* D.E. 9.) Petitioner contends that he only recently received the Clerk's deficiency notice and was "unaware of this action due to his physical condition at that time."  (*Id.* at PageID 19.)  He states that he was "medically incapacitated from around the middle of May 2026 to just recently around late June 2026" and that the "attached medical documentation (provided by WTSP medical staff) shall confirm the truth of this matter."  (*Id.*)  He also avers that he "will be much obliged to pay the $5.00 filing fee upon confirmation that this formal request" to reinstate his § 2254 Petition is

granted. (*Id.*)

Contrary to Hampton's assertion, the medical documentation provided does not show that he was incapacitated until late June of 2026. Instead, the documentation demonstrates that Petitioner was admitted to West Tennessee Healthcare on May 19, 2026, and was discharged on May 28, 2026. (*See* D.E. 10 at PageID 21.) Hampton provides no documentation regarding his medical condition for the entire month of June. Furthermore, despite his statement that he is willing to pay the $5.00 filing fee, he has not submitted that payment with his motion for reconsideration. The Court notes that his § 2254 Petition was dismissed without prejudice (*see* D.E. 7), meaning that he is free to resubmit his petition, accompanied by either the filing fee or a motion for leave to proceed in forma pauperis, as a new action.

Because Petitioner fails to demonstrate a need to prevent manifest injustice, his "Motion to Reinstate Case for Extreme Circumstances Beyond Petitioner's Control" (D.E. 9) is DENIED.

IT IS SO ORDERED this 21st day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE